## Joseph A. Miller, Administrator, Appellant, v. Peter Mathias and Mary Mathias, Appellees.

1. EVIDENCE—*when party incompetent by virtue of interest.* Where the adverse party sues or defends in a representative capacity, the other party in interest is incompetent.

2. EVIDENCE—*when admissions of one party bind another.* The admission of one joint lessee is general evidence against both lessees.

Assumpsit. Appeal from the County Court of Moultrie county; the Hon. E. D. HUTCHINSON, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

WALTER EDEN and EDEN & MARTIN, for appellant.

R. M. PEADRO and M. A. MATTOX, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellant to recover rent alleged to be due under a verbal lease by the terms of which appellant's intestate, Salathiel Miller, rented to appellees certain farm lands for the year beginning March 1, 1905, at the rental of $1,440. The jury returned a verdict in favor of the defendants, upon which judgment was duly rendered. It is conceded that all of said rent has been paid except the sum of $400, which is the amount now in controversy. Upon the trial appellant testified that all he knew had been paid on account of the rent was $1,050, which would leave still due the sum of $400, and that he had heard appellees say that they had rented the land in question from his father, his intestate. Counsel for appellees then contended that they were entitled to show the entire conversation between the deceased and the witness, and under such pretext the court, over the objection of appellant, permitted Mrs. Mathias to relate

in detail a conversation which she claimed to have had with the deceased and to have repeated to appellant after his appointment as administrator. She was thus allowed to testify in effect that she told appellant that she paid the deceased $400 in September, 1906; and that she at that time exhibited to appellant an account book containing an entry pertaining to the transaction made on the day the money was paid. A party to a suit of the present character is an incompetent witness under the statute as to any transaction with the deceased. There was nothing in the cross-examination of the witness which rendered the conversation in question competent. The jury doubtless believed from the testimony of Mrs. Mathias' that she had paid the deceased the sum in controversy in the case, on the day in question, that she had shown him an entry to that effect in her account book and that he failed to object to the correctness of the same. The error was therefore clearly prejudicial to appellant.

To sustain his contention that the sum in controversy was still due under the lease, appellant proved certain alleged admissions by Peter Mathias which tended to support such claim. The court instructed the jury that such admissions were not binding upon Mary Mathias. This also was error. Being joint lessees of the premises, it will be presumed in the absence of proof to the contrary, that they shared in the benefits. They therefore had a joint interest in the suit, and an admission by one was general evidence against both. 1 Greenleaf Evidence, sec. 174; McMillan v. McDill, 110 Ill. 51.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*